UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM CLARK,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00686-GM-EJY<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION**<br><br>RE: Complaint (ECF No. 1-1) |

Presently before the Court is Plaintiff William Clark's Application to Proceed *In Forma Pauperis* (ECF No. 1). Attached to Plaintiff's *in forma pauperis* application is a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

**I.  *IN FORMA PAUPERIS* APPLICATION**

A complete inmate application to proceed in forma pauperis includes a financial acknowledgment signed by the inmate showing an inability to prepay fees and costs or give security for them, a copy of the inmate's trust account statement for the six months preceding the action, and a financial certificate signed by a prison or jail official authenticating the account statements. 28 U.S.C. § 1915(a). Plaintiff submitted these three required documents with his application. ECF No. 1 at 3-5. Therefore, the Court grants Plaintiff's request to proceed *in forma pauperis*.

**II.  SCREENING THE COMPLAINT**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id*. Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. PLAINTIFF'S CLAIMS

Plaintiff's Complaint asserts violations of his Sixth Amendment rights against Defendants State of Nevada, Sheriff of Clark County Joseph Lombardo, Judge Jacqueline Bluth of the Eighth Judicial District Court of Clark County, and Clark County District Attorney Steven Wolfson. ECF No. 1-1 at 1. Plaintiff states he was deprived of his Sixth Amendment right to a speedy trial, which right he did not waive, because he was confined for over 70 days between his arrest and his trial. *Id*. at 4. In his request for relief, Plaintiff states that he is entitled to "dismissal with prejudice [of] all charges" based on the alleged violation of the speedy trial act. *Id*. at 9. As Plaintiff states that he has already been convicted of the charges that led to the filing of this complaint, *id*. at 4, the Court construes Plaintiff's request for relief as a request to vacate his prior conviction.

The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C § 1983. The Supreme Court, in analyzing which types of claims can be brought under 42 U.S.C. § 1983, has held that habeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).

While the text of § 1983 does not create a requirement that the plaintiff exhaust state remedies before bringing an action under the section, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted" unless the applicant has exhausted state court remedies, there is an absence of state court remedies or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The *Preiser* Court concluded that "[i]t would wholly frustrate explicit congressional intent" to allow plaintiffs to bring a § 1983 claim to evade the exhaustion requirement of an application for a writ of habeas corpus." *Preiser*, 411 U.S. at 489-490. As the *Heck* Court stated, a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008)

In the present case, Plaintiff is seeking an invalidation of his prior conviction. ECF No. 1-1 at 4 and 9. The Court finds that Plaintiff cannot obtain this form of relief in a suit brought under § 1983. Instead, the proper vehicle for Plaintiff's requested relief is an application for a writ of habeas corpus under 28 U.S.C. § 2254.

**IV.     ORDER**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

## V. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice with leave to amend to bring his Complaint, if appropriate, under the habeas corpus statute at 28 U.S.C. § 2254.

IT IS FURTHER RECOMMENDED that the Clerk of Court shall send Plaintiff the appropriate instructions and forms for filing a Habeas Corpus petition under 28 U.S.C. § 2254.

Dated this 8th day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).