# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| William Clark, | ) |
|              Plaintiff, | )    Case No.: 2:21-cv-00686-GMN-EJY |
| vs. | ) |
| | )    **ORDER** |
| State of Nevada, *et al.*, | ) |
|              Defendants. | ) |

      Pending before the Court is the Report and Recommendation, (ECF No. 4), of United States Magistrate Judge Elayna J. Youchah, which states that Plaintiff William Clark's ("Plaintiff's") Complaint, (ECF No. 1-1), should be dismissed without prejudice. The Report and Recommendation explains that Plaintiff, a *pro se* prisoner, brings this case pursuant to 42 U.S.C. § 1983, which creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitutions and laws." (R&R 2:24–27, ECF No. 4) (quoting 42 U.S.C. § 1983). Plaintiff's Complaint requests that the Court dismiss all of the criminal charges against him based on a violation of the speedy trial act, effectively vacating his conviction. (*Id.* 2:15–23). However, the Report and Recommendation finds that this form of relief cannot be obtained in a suit brought under § 1983. (*Id.* 3:17–20). Therefore, the Report and Recommendation concludes that this case should be dismissed, but with leave to refile as a writ of habeas corpus under 28 U.S.C. § 2254, because such a writ is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. (*Id.* 2:27–3:3, 3:17–20).

      A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo*

determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, Plaintiff filed an objection to the Report and Recommendation claiming that a writ of habeas corpus is not the proper vehicle for his claims because he is challenging his conviction, not his sentence. (Obj. at 1, ECF No. 5). However, because habeas, and not § 1983, is the proper vehicle through which to challenge a conviction, the Court agrees with the Magistrate Judge's recommendation that this case should be dismissed, with the opportunity to be refiled under 28 U.S.C. § 2254. *See, e.g. Dominguez v. Kernan*, 906 F.3d 1127, 1137 (9th Cir. 2018) (recognizing that a state prisoner may challenge his conviction or sentence under 28 U.S.C. § 2254).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 4), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**

The Clerk is instructed to close the case.

Dated this __6__ day of April, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court